IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WALKER,

    Plaintiff,                      No. CIV S-10-2835 CKD P

    vs.

MIKE MCDONALD, et al.,         ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Buchanan and Stevens (defendants) are Correctional Officers with the California Department of Corrections and Rehabilitation (CDCR). Plaintiff is proceeding with claims arising under the Eighth Amendment against each of them. Defendants have filed a motion to dismiss.

I. Plaintiff's Allegations

        On December 9, 2009, defendants arrived at plaintiff's cell to escort him to a medical appointment. Defendants applied mechanical restraints (handcuffs attached to a waste chain) to plaintiff. Defendants escorted other inmates as well as plaintiff. On the way to the transport vehicle, while walking outside, plaintiff slipped on ice, fell, and fractured his right clavicle. Plaintiff claims that, ordinarily, when an inmate is secured with mechanical restraints, a

correctional officer keeps his hand on the waist chain in the event of a fall because the inmate cannot break his fall with his hands.  Neither defendant had his hand on plaintiff's waist chain because they were escorting several inmates.

After plaintiff fell, defendants assisted him to his feet.  Sometime later, they took him to the prison infirmary where he had x-rays.

II.  Failure To Exhaust Administrative Remedies

Defendants argue that plaintiff has failed to exhaust administrative remedies with respect to his claims.  A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  CDCR regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt, 315 F.3d at 1119.

/////

1    Defendants assert plaintiff failed to obtain a "Director's Level Decision" with
2 respect to the allegations above against defendants.  It appears plaintiff did submit a grievance
3 regarding the events of December 9, 2009 on December 20, 2009.  Opp'n at 11.  The grievance
4 was denied at the informal level and then plaintiff re-submitted it to the first formal level.  Id.
5 The response plaintiff received from the first formal level is as follows:

> The action or decision being appealed is not within the jurisdiction of the department.  We are returning the documents to you so you may pursue the matter through the appropriate agency.  (CCR 3084.3(c)(1)).[1]

9 Id. at 13.

10    Title 15 of the California Administrative Code § 3084.1 provides that inmates
11 may utilize the CDCR grievance process for "review of departmental policies, decisions, actions,
12 conditions, or omissions that have a material adverse effect on the wellfare of inmates and
13 parolees."  In light of such expansive criteria, and the fact that defendants fail to offer any reason
14 why there was no "jurisdiction" to hear plaintiff's grievance at the first formal level, the court
15 cannot find that plaintiff failed to exhaust available administrative remedies.  On the record
16 before the court, plaintiff did what he was required to do and then was shut-out of the grievance
17 process for a reason which appears to run afoul of the regulations for the inmate grievance
18 process.  Defendants' motion to dismiss for failure to exhaust administrative remedies should be
19 denied.

20 III.  Failure To State A Claim

21    Next, defendants assert that plaintiff has failed to state a claim upon which relief
22 can be granted.  In order to avoid dismissal for failure to state a claim a complaint must contain

---

[1] This section as it appeared in 2009 reads as follows:

(c) Rejection criteria.  An appeal may be rejected for any of the following reasons:

(1) The action or decision being appealed is not within the jurisdiction of the department.

3

more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Defendants assert plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

The court agrees that plaintiff has not alleged facts demonstrating deliberate indifference to a serious medical need. Plaintiff alleges defendants delayed in taking him to the prison infirmary for medical care. But, he fails to indicate how long the delay was or what injury, if any, resulted from the delay. A delay in care can only constitute deliberate indifference to serious medical needs if the delay causes significant harm and if the defendant should have known such harm would result from the delay. Hallet v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002).

Defendants also argue that plaintiff's "slip and fall" does not amount to an Eighth Amendment claim. The Eighth Amendment's prohibition on cruel and unusual punishment

1  imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee
2  the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v.
3  Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a
4  prison official if that official exposes an inmate to a "substantial risk of serious harm," while
5  displaying "deliberate indifference" to that risk. Id. at 834.  In the context of failure to protect an
6  inmate from a known threat to safety, deliberate indifference does not require an express intent to
7  punish. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Further, the standard does not
8  require that the official believe "to a moral certainty" physical harm will result. Id.  But, there
9  must be more than "mere suspicion" of harm. Id.

10        Plaintiff's allegations simply do not amount to deliberate indifference to a
11 substantial risk of serious harm.  While defendants may have thought it was a remote possibility
12 that plaintiff might fall and become seriously injured, it is not reasonable to find that they were
13 aware of a substantial risk of serious harm.  Most importantly, plaintiff does not allege that his
14 feet were encumbered while he walked from his cell to the medical transport.  Also, defendants
15 would have assumed that plaintiff would have avoided falling by taking care when he took steps
16 and also by observing the ground for ice when he stepped.  Furthermore, the Ninth Circuit's
17 decision in LeMaire v. Maass, 12 F.3d 1444 (9th Cir. 1993) controls.  In that case the Ninth
18 Circuit found that requiring an inmate to shower while handcuffed and shackled did not amount
19 to a violation of the inmate's rights because, a "sufficiently unsafe condition" was not created.
20 Id. at 1457.

21        In any case, as defendants argue, they are immune from suit with respect to any
22 Eighth Amendment failure to provide adequate medical care and failure to protect claim under
23 the doctrine of qualified immunity.  Government officials performing discretionary functions
24 generally are shielded from liability for civil damages insofar as their conduct does not violate
25 clearly established statutory or constitutional rights of which a reasonable person would have
26 known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental

officer is immune from suit based on the doctrine of qualified immunity, the court must answer two questions. The first is whether the facts alleged show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). The second is "whether the right was clearly established." Id. A negative answer to either question means immunity from suit is appropriate. Pearson v. Callahan, 555 U.S. 223, 236 (2009). As indicated above, the facts alleged by plaintiff fail to show that he was denied a Constitutional right. Therefore, defendants are immune under the doctrine of "qualified immunity" from the claims asserted in plaintiff's complaint.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 18, 2011 motion to dismiss be granted; and

2. This case be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/walk2835.57